United States District Court
For the District of Columbia

| | |
|---|---|
| Kyaw Zaw Nyunt, ) | |
| 18148 Mill House Square ) | |
| Leesbury, VA 20176 ) | |
|     Complainant, ) | |
| ) | |
|     v. ) | |
| ) | Civil Action No. |
| Kenneth Y. Tomlinson, ) | |
| Chairman, ) | Jury Trial Demanded |
| Broadcasting Board of Governors, ) | |
| 1330 Independence Ave. Southwest, ) | |
| Washington, DC  20237 ) | |
|     Defendant. ) | |

**Complaint**


This is an action for monetary, equitable and declaratory relief brought by plaintiff Kyaw

Zaw Nyunt against defendant Kenneth Y. Tomlinson in his official capacity as Chairman

of the Broadcasting Board of Governors ("BBG") to redress discrimination based on age,

race, national origin and retaliation and to obtain review of unauthorized agency action.

These actions of BBG have violated plaintiff's rights under the Age Discrimination in

Employment Act, 29 U.S.C. Section 623 *et seq.*, Title VII of the Civil Rights Act, 42

U.S.C. section 2000e *et seq.* ("Title VII"), 42 U.S.C. sections 1981 *et seq.*, the BBG

governing law and charter,  the Administrative Procedure Act, 5 U,.S.C. section 706 and

the law of the District of Columbia.

1

**Jurisdiction**

1.  Jurisdiction and venue is properly lodged with this Court under 29 U.S.C. section 623 *et seq.*, 42 U.S.C. section 2000e, 28 U.S.C. section 1331, 5 U.S.C. section 706 and any related claims under the District of Columbia law. In addition this case satisfies the requirements of 28 U.S.C. section 1332.

2.  Venue for this action is proper in the United States District Court for the District of Columbia under 28 U.S.C. section 1391. The actions that give rise to this complaint occurred in the District of Columbia. The amount in controversy exceeds $75,000, exclusive of costs and interest and plaintiff is a resident of the Commonwealth of Virginia, and the defendant in this action is a resident of the District of Columbia.

**Parties**

3.  Plaintiff Nyunt, who is over 60 years of age, is a naturalized US citizen who has been employed at the BBG since 1998 as a broadcaster.

4.  The defendant Kenneth Y. Tomlinson, the Chairman of the BBG, an independent Government agency responsible for Government sponsored broadcasting to foreign peoples authorized to do business in the District of Columbia with offices located at 1330 Independence Ave., Southwest, Washington, DC. BBG employees are federal employees governed by the standard general schedule service. BBG is an employer within the meaning of Title VII and 29 U.S.C. Section 623 *et seq*.

**Exhaustion of Administrative Remedies**

5.  Plaintiff initiated an informal complaint of discrimination with BBG in July 2003.

    On October 30, 2003, Plaintiff was given a notice of right to file a formal

    discrimination complaint with the agency. On or about November 5, 2003

    Plaintiff initiated a formal complaint of discrimination with the agency.  In

    August 2005 plaintiff filed a complaint with the Washington, DC field office of

    the Equal Employment Opportunity Commission ("EEOC").  More than 180 days

    have passed since the filing of that complaint.

**Factual setting**

6.  Plaintiff Nyunt is a naturalized US citizen of Asian ancestry over the age of 60.

7.  Plaintiff Nyunt has been employed since 1998 by defendant BBG as an

    international radio broadcaster in the Burmese service of the Asian division of

    the Voice of America ("VOA"), an operating activity of BBG.  His place of work

    has been located at 1330 Independence Ave., Southwest, Washington, DC 20237.

    In that capacity, Plaintiff Nyunt prepares texts for broadcasting and broadcasts

    programs in Burmese for transmission by BGG into Burma.

8.  Plaintiff Nyunt has a broad background as a broadcaster and diplomat.  He

    worked as deputy chief of mission for Burma, his native country, in the Rome

    embassy for Burma for three years, and, prior to that, as an officer for the

    Burmese Ministry of foreign affairs in Rangoon for more than 12 years.  He holds

    advanced degrees in international relations and political science.  He also worked

    as a broadcaster for the British Broadcasting Corporation from 1968 to 1971.

9. In early 2003, Plaintiff applied for two GS - 12 broadcaster positions advertised by BBG, one designated VA M/P 03 - 26 ("VA 03 -26") and the other designated VA M/P 03 – 29 ("VA 03 -29") ( the "Two Vacancies"). At the time of his applications he was a GS – 11. Plaintiff filed timely applications for each position. He was fully qualified for each position. He was referred on the certificates of eligibles to the selecting officials for each position. Plaintiff Nyunt was not selected for either vacancy.

10. The selection process for each of those vacancies was marred by substantial irregularities. The journeyman level for broadcasters is GS – 11. It was unprecedented that two GS – 12 positions were advertised for the Burmese service at the same time.

11. The chief of the Asian Division, Mr. Henderson,  devoted substantial time to crafting each of the two positions together with  the duties  and the crediting plans associated with them.

12. One of the positions, VA 03 -26, was informally identified by the chief of the Asian Division as designated for internal VOA candidates and the other, VA 03 - 29, was designated for outside, i.e., non-VOA, candidates.

13. Substantial differences in the qualifications and terms of the announcements were introduced. VA 03 -29 offered to pay relocation expenses but VA 03 -26 did not.

14. The position, duties and qualifications in VA 03 -29 were established for a preselected candidate, Mr. Than Lwin Htun. The division chief, Mr. Henderson, met with Mr. Htun early in 2003.

15. On June 13, 2003, in the course of the meeting with staff from the Burmese
    service, including Plaintiff Nyunt, the chief of the Burmese service, who was the
    selecting official on the Two Vacancies, openly warned staff members not to
    complain about the selections on these two vacancies on pain of losing their jobs.

16. In VA 03 –26 the person selected was a candidate whose qualifications were
    substantially inferior to Plaintiff's.

17. In VA 03 – 29, the person selected, Mr. Htun, was a non-citizen under 40 years of
    age.

18. In VA 03 -26 the certificate of ratings to the selecting official  misrepresented the
    rating assigned by the rating panel to Plaintiff Nyunt. The certificate showed
    Plaintiff's rating as 89, the same rating as was assigned to the selectee, even
    though Plaintiff Nyunt's actual rating was 96.  Months after the selection had
    made, a substitute page was added to the vacancy file that purported to correct the
    misrepresented rating given to Mr. Nyunt without any notice of this error or
    purported correction to Mr. Nyunt.

19. When a selection panel of three employees was convened to evaluate the
    candidates on the certificate for VA 03 -26,  the panel members were not given
    standard instructions on interviews of candidates as required by agency
    procedures.

20. In VA 03 -29 the requirements of the position and the crediting plan were skewed
    to meet the experience of Mr. Htun.

21. In VA 03 -29,  no voicing requirement was included in the qualifications even though the position was that of an international radio broadcaster who would file stories in voice.

22. VA 03 - 29 was designated as open March 13 and remaining open until filled. VA 03 - 29 declared that applications were required to be received "by close of business on 3/27/03 and every two weeks thereafter until the position is filled."

23. Under this procedure, applications for VA 03- 29 were to be grouped every two weeks beginning with the first cutoff of 3/27/03 for referral to the selecting official. Priority in applications was granted to earlier received groups of applications.

24. Plaintiff Nyunt's application for VA 03- 29 was received on March 27, 2003.

25. Mr. Htun's application for VA 03- 29 was received on March 31, 2003.

26. Mr. Htun's application for VA 03- 29 should not have been forwarded to the selecting official with the first batch of applications but with the second batch of applications in the event that no selection was made on the first certificate.

27. Nevertheless, Mr. Htun's application for VA 03- 29 was referred to the selecting official with the first batch of applicants in contravention of the terms vacancy announcement and the practice.

28. Plaintiff Nyunt should have been evaluated for VA 03- 29 based on the first cut off without competition from second batch applicants like Mr. Htun.

29. BBG has retaliated against Plaintiff for his exercise of his right to seek relief from discrimination.

30. BBG gave Plaintiff a written admonishment without any legitimate cause.

31. BBG has sought to impose restrictive conditions in his use of sick leave, to deny Plaintiff sick leave and to deny him use of his annual leave.

32. For example, when plaintiff was out for one day for an unscheduled doctor's appointment, his supervisor demanded a doctor's certificate for one day's leave even thought the office policy was not to require documentation for less than three consecutive days of sick leave.

33. On or about May 1, 2006 plaintiff Nyunt lost consciousness at the BBG premises after he had finished his broadcasting for the day.  Plaintiff was hospitalized for several days thereafter.  Immediately upon his return home from the hospital, BBG sent two urgent letters to him demanding doctor certificates and explanations for his absence.

34. The BBG refused to grant Plaintiff Nyunt permission to use his annual leave for the time when he was sick or hospitalized.

35. As a direct and proximate result of the treatment of him by BBG,  Plaintiff has suffered and will continue to suffer physically and emotionally.

36. Plaintiff has suffered in an increase in tension, increase in his blood pressure, onset of diabetes and depression attributable to the discriminatory and harassing treatment that he has received.  Each of those conditions has worsened over time owing to the willful, unreasonable activities of BBG.

Statement of claims

**Count One (Age Discrimination)**

37. Plaintiff incorporates by reference all of the allegations of paragraphs nos. 1 to 36 of the Complaint as if they were set forth in full.

38. Plaintiff is a member of a protected class under the Age Discrimination Act owing to his age.

39. Defendant BBG willfully and with disregard for plaintiff's rights failed or refused to promote plaintiff for the GS 12 broadcaster positions in VA 03 26 and VA 03 - 29 because of Plaintiff's age.

40. The foregoing failure to promote was in violation of 29 U.S.C. section 623 *et seq*.

**Count Two  (violation of title VII)**

41. Plaintiff repeats and incorporates by reference the allegation paragraphs nos. 1 to 36 of the Complaint as if they were set herein in full.

42. Plaintiff is a member of a protected class under Title VII by reason of his Burmese national origin and his Asian race.

43. The BBG willfully and in disregard of plaintiff's rights under Title VII, failed to promote plaintiff Nyunt for the GS 12 broadcasting positions in VA 03 –26 and VA 03 -29.

44. The foregoing failure to promote was in violation of Title VII.

**Count three (violation of 42 U.S.C. section 1981 *et seq*.)**

45. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 36 of the Complaint as if they were set forth herein and full.

46. Plaintiff is a member of a protected class under 42 U.S.C. sections 1981 *et seq*. by reason of his Burmese nationality and Asian race.

47. The BBG willfully and in disregard of plaintiff's rights under 42 U.S.C. section
    1981 and 1983 failed to promote plaintiff Nyunt for the GS 12 broadcasting
    positions in VA 03 –26 and VA 03 -29.

48. The foregoing failure to promote was in violation of 42 U.S.C. section 1981 *et
    seq*.

### Count Four (Retaliation)

49. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 36 of
    the Complaint as if they were set forth herein in full.

50. For his exercise of his rights to complain about discrimination BBG intentionally
    retaliated against Plaintiff in failing to select him for a GS -12 position, imposing
    discipline, withholding leave, assignments, shifts, and imposing unreasonable
    terms and conditions of employment and in harassing him.

51. The foregoing retaliation is in violation of the 29 U.S.C. 623 *et seq*., Title VII,
    and District of Columbia law.

### Count Five (Unauthorized Hiring of Non- Citizen over Plaintiff)

52. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 36 of
    the Complaint as if they were set forth herein in full.

53. BBG lacks authority to hire non-citizens for vacancies when qualified US citizens
    are available.

54. Defendant BBG in VA 03 –29 lacked authority to hire the non-citizen it selected
    for the position. Plaintiff is aggrieved by reason of his non-selection in favor of
    the non-citizen.

55. This action violates the BBG organic law including 22 U.S.C. section 1474, Title VII and 5 U.S.C. section 706.

### Count Six (Unauthorized Supervision)

56. Plaintiff incorporates by reference all the allegations of paragraphs nos. 1 to 36 of the Complaint as if they were set forth herein in full.

57. BBG lacks authority to promote non-citizens to supervisory positions.

58. Plaintiff's supervisor, Mr. Htun, a non-citizen, assigns work, assigns shifts, evaluates, approves leave and administers other terms and conditions for Plaintiff and other employees.

59. This action violates BBG organic law including 22 U.S.C. section 1474, Title VII and 5 U.S.C. section 706.

**Prayer for relief**

Wherefore, plaintiff Nyunt, respectfully requests that the Court enter judgment in his favor and against defendant BBG, and grant the following relief:

A. That a declaratory judgment be entered, finding defendant's employment practices unlawful and enjoining defendants from engaging in such unlawful acts and practices;

B. That an order be issued for back pay with prejudgment interest and all benefits to which Plaintiff is entitled including interest thereon to the present time with the actual amount to be proven at trial;

C.   That an order be issued for front pay and benefits, if the BBG does not or will not

employ plaintiff;

D.   Compensation to plaintiff for his physical, psychological and emotional harm in

the sum of $600,000 plus all interest available under applicable law, for his

noneconomic injuries in an amount authorized by Title VII, the Age

Discrimination Act  and other applicable law;

E.   That punitive damages be awarded to Plaintiff in the amount of $2 million, plus

all available interest under applicable law;

F.   Award of reasonable counsel fees and costs to compensate Plaintiff for

prosecuting this action; and

G.   Such other legal and equitable relief as may be just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues in this action.

Respectfully submitted,

Timothy B. Shea
DC Bar No. 234005
Nemirow Hu & Shea
1629 K Street, NW  Suite 500
Washington, DC  20006
Tel. 202 835 0300
Fax 202 835 0306

11

12