UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KYAW ZAW NYUNT,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH Y. TOMLINSON,<br>Chairman, Broadcasting Board<br>of Governors,<br>Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 06-1152 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT PURSUANT TO RULE 16.3

Pursuant to LCvR 16.3 the parties hereby report to the Court that counsel for the parties conferred by telephone on and before October 5, 2006. As a consequence of this conference, the parties hereby report to the Court as follows:

**(1) Dispositive Motions.** There are no pending motions at this time. Plaintiff does not believe this case can be resolved by dispositive motion. Defendant believes that the case can be partially resolved by dispositive motion.

**(2) Deadline for joining additional parties or amending pleadings.** The parties do not anticipate joining any additional parties or amending the pleadings.

**(3) Assignment to Magistrate Judge.** The parties do not consent to the assignment of this case to the Magistrate Judge.

**(4) Prospects of Settlement.** The parties believe that there is a possibility of settlement at this time.

**(5) Alternate Dispute Resolution (ADR).** The parties believe that this case could benefit from the Court's Alternative Dispute Resolution (ADR) procedures (or some other

form of ADR).

Plaintiff believes that limited discovery in the form of written interrogatories and requests for admission take place immediately upon or after the date of this report. Plaintiff also requests that other discovery take place beginning forty-five (45) days after the date of this report.

Defendant believes that ADR should take place before initiation of discovery. Defendant proposes that the Court set a period of sixty (60) days for the mediation process with another Initial Scheduling Conference to be set after that sixty (60) day period.

**(6) Resolution by Summary Judgment.** The parties agree that any motions for summary judgment will be filed within forty five (45) days after the close of discovery, with oppositions filed within forty five (45) days thereafter. Defendant requests that replies be filed within thirty (30) days after the filing of the opposition.

**(7) Initial Disclosures.** Plaintiff requests that initial disclosures be made sixty (60) days from the filing of this report. Defendant requests that initial disclosures be waived.

**(8) Limitations on discovery.**

> **(a) Number of interrogatories.** Plaintiff requests leave to propound up to forty-five (45) interrogatories. Defendant proposes that the parties not exceed the presumptive limit of twenty five (25) interrogatories under the Rules.
>
> **(b) Number of depositions.** Plaintiff requests leave to take up to twelve (12) depositions; he does not foresee the occasion to exceed this limit, but reserves the right to seek additional depositions as necessary. Defendant proposed that the parties not exceed the presumptive limit of ten (10) depositions under the Rules.

 **(c) Duration of depositions.** The parties request a maximum of seven (7) hours for each deposition.

 **(d) Need for protective order.** Because sensitive personal and/or medical information may be exchanged, the parties may submit an appropriate protective order.

 **(e) Date for completion of discovery.** Two hundred and ten (210) days from the date of the scheduling order.

**(9) Exchange of Expert Witness Information.**

 **(a) Plaintiff's Disclosures:** Sixty (60) days prior to the close of discovery.

 **(b) Defendant's Disclosures:** Thirty (30) days after plaintiff's disclosure(s).

**(10) Class Action procedures.** Not applicable.

**(11) Bifurcation of Trial and/or Discovery.** Both parties agree that there should be no bifurcation of trial or discovery.

**(12) (13) Dates for Pretrial Conference and Trial.** The parties request that the Court not set a pretrial conference until after the ruling upon dispositive motions. After the ruling on dispositive motions, the parties request that the court set a status conference date to set the dates for pre trial conference and trial.

**(14) Other Matters.** Pursuant to the Court's Order,

 **(a) Plaintiff provides the following statement of Plaintiff's case:**

Plaintiff, Kyaw Zaw Nyunt, is a United States citizen of Asian Ancestry, over the age of sixty (60). He seeks monetary, equitable and declaratory relief to redress discrimination based on age, race, national origin, and retaliation, and to obtain review of

unauthorized agency action.

**(b)  Defendant provides the following statement of Defendant's case:**

Plaintiff, Kyaw Zaw Nyunt, seeks to redress alleged discrimination "based on age, race [Asian], national origin [Burmese], and retaliation and to obtain review of unauthorized agency action."  See Complaint.  Defendant denies any acts of discrimination based on age, race, or national origin, and/or retaliation.  Defendant further avers that any employment decisions were for legitimate, non discriminatory reasons.  Plaintiff has failed to exhaust his administrative remedies with respect to any claims based on race and retaliation.

Respectfully submitted,


/s/
TIMOTHY B. SHEA
D.C. BAR #234005
Nemirow Hu & Shea
1629 K Street, N.W., Suite 500
Washington, DC 20006
(202) 835-0300
Attorney for Plaintiff

/s/
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney


/s/
RUDOLPH CONTRERAS
D.C. Bar #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM
D.C. Bar #435409
Assistant United States Attorney

October 6th, 2006