United States District Court
For the District of Columbia

| | |
|---|---|
| Kyaw Zaw Nyunt,<br>    Plaintiff,<br><br>v.<br><br>Kenneth Y. Tomlinson,<br>Chairman,<br>Broadcasting Board of Governors,<br>    Defendant. | )<br>)<br>)<br>)<br>)    CA No. 06 – 1152 (JDB)<br>)<br>)<br>)<br>) |

**Plaintiff's Motion for Partial Summary Judgment**

Pursuant to Rule 56, Fed R. Civ. P. and Local Civil Rule 7, Plaintiff hereby moves for partial summary judgment that Plaintiff was a "suitably qualified United States citizen" within the meaning of 22 U.S.C. § 1474(1) and available for the GS 12 position at BBG for which he applied. The selection of the alien by GGB over Plaintiff Nyunt in this vacancy announcement must be declared unlawful for the reasons set out below.

In this an action Plaintiff, Kyaw Zaw Nyunt, a naturalized US citizen, challenges, among other things, his non-selection for two positions at BBG as discriminatory based on age, race, national origin, and retaliation. Plaintiff contends that there were a number of statements and irregularities in the filling of the vacancies, as well as other matters complained of, that raise direct evidence and firm inferences of discrimination.

This motion is confined to one aspect of Plaintiff's claims.

In one of the vacancies, Vacancy Announcement no. 03-29 in the Burmese service of BBG which was advertised in March, 2003, Plaintiff Nyunt was passed over by BBG in favor of a non-citizen.  There is no dispute that Plaintiff filed a timely application for the position, that he was a US citizen and that his application was ranked

1

in the certificate to the selecting official at the top of the three US citizens qualified for the position.

The alien was employed by BBG under its authority to "employ, without regard to civil service or classification laws, aliens within the United States and abroad … when suitably qualified United States citizens are not available when job vacancies occur." See 22 U.S.C. § 1474(1). BBG rationalized its selection of the alien based on its construction of this provision so as to permit it to select aliens deemed better qualified than US citizens.

The term "suitably qualified United States citizen" was incorporated in the original act that created the agency in 1948 in which the agency was given authority to employ aliens in the United States when an appropriations act so provided. In a colloquy during a House Foreign Affairs Committee hearing on the House bill that became the organic act for the agency, HR 3342, the restrictions on the employment of non-citizens were discussed by Rep. Mundt, subcommittee chairman and the prime House sponsor of the bill. Rep. Mundt described an "additional safeguard" he had inserted in the bill as follows:

> May I call your attention on page 13 that we have inserted an additional safeguard which was not in the legislation originally discussed by the committee. I provide under subsection (7) that this agency, the Department, is empowered to employ --
>
>> aliens within the United States, but such employment shall be limited to services related to the translation or narration of colloquial speech in foreign languages when suitably qualified United States citizens are not available.
>
> There has been some criticism that a large number of aliens have been indiscriminately employed in this service, and I surely agree that *this is the last place in the world that aliens should be indiscriminately*

> *employed. If we are going to interpret America abroad, it should be done by Americans.*

Hearings before House Committee on Foreign Relations on HR 3342, 80th Cong. 1st Session, May 13, 14, 16, 17 and 20, 1947 at page 188 (emphasis added).

*BBG's predecessors interpreted this provision to prohibit employment of aliens in the United States unless no minimally qualified US citizens were available.*

Some time in approximately 1983, the agency unsuccessfully sought an amendment to the law to permit the agency to employ aliens unless an available US citizen were found to be "equally or better qualified." Remarkably, after that legislative effort failed, the agency adopted that standard without any amendment declaring that "[b]ased on Congressional Committee reports, the Agency has interpreted the term 'suitably qualified' to mean 'equally or better qualified.'" In effect, the preference for citizen applicants instituted by Rep. Mundt in 1948 was reduced to a preference for citizens found to be "equally or better" qualified than aliens.

Those "Committee Reports," which are attached to the affidavit of Plaintiff Nyunt submitted herewith, are nothing more than suggestions in the form of "Committee Comments" associated with no relevant legislative activity whatsoever -- a kind of staff generated consolation prize for the failed legislative effort without any discussion of the context of the law.

For the reasons set out in the accompanying memorandum, the interpretation of BBG to permit employment of aliens for vacancies where there are suitably qualified US citizens, like Plaintiff, available for the position is unlawful. BBG's reliance on Congressional committee exhortation in the teeth of the denial of the amendment is

3

entirely unavailing. The current policy eviscerates the preference for US citizen applicants mandated by section 1474.

Plaintiff hereby moves for partial summary judgment that Plaintiff was a "suitably qualified United States citizen" within the meaning of section 1474 as to the GS 12 vacancy. There is no dispute that he was available and qualified for that position. Accordingly, the selection of the alien by GGB over Plaintiff Nyunt in this vacancy announcement must be declared unlawful. A statement of material facts, affidavit of Plaintiff K. Nyunt and memorandum of points and authorities is submitted herewith.

Respectfully submitted,

Timothy B. Shea
DC Bar No. 234005
Nemirow Hu & Shea
1629 K Street, NW Suite 500
Washington, DC  20006
Tel. 202 835 0300
Fax 202 835 0306