## Kway Zaw Nyunt v. Kenneth Y. Tomlinson, Chairman, Broadcasting Board of Governors
### Civil Action No.: 06-1152 (JDB)

## Exhibit U

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KYAW ZAW NYUNT,                    )
                                   )
              Plaintiff,           )          Civil Action No. 06-1152 (JDB)
                                   )
       v.                          )
                                   )
KENNETH Y. TOMLINSON,              )
Chairman,                          )
Broadcasting Board of Governors,   )
                                   )
              Defendant.           )
                                   )

## DECLARATION OF M. LAPRELL MURPHY

I, M. LaPrell Murphy, declare as follows:

1.      I am Director, Human Resources, GS-15, for the Broadcasting Board of
Governors (hereinafter referred to as the "BBG" or "Agency"), 330 Independence Avenue W.,
Washington, D.C. 20237.

2.      I have been employed by the BBG since 2003. I began my employment wi 3BG
as Supervisory, Human Resources Specialist, GS-15. I have been employed in my current
position as Director, Human Resources since 2007.

3.      In my current position as Director, Human Resources, I have personal know dge
of and experience with the procedures and policies regarding staffing for all language serv s
comprising the East Asia and Pacific Division, including the Burmese Service, as referenc and
explained herein.

4.      Mr. Kyaw Zaw Nyunt was an applicant for Vacancy Announcement Num M/P-

1

03-26 in 2003. This vacancy announcement sought to fill the position of International Radio

Broadcaster (Burmese), GS-1001-12.

    5.    Mr. Nyunt made the certificate of eligibles for this vacancy announcement and

was ranked among the top three applicants. Pursuant to 5 C.F.R. § 332.404, commonly referred

to as the "Rule of Three," a selection of the individual to fill the position must be made from

among the three highest-ranked applicants on the certificate of eligibles.

    6.    Mr. Nyunt's application was scored by a panel of subject matter experts appointed

by the Office of Personnel. These subject matter experts are agency employees. Each

application is awarded a score. This score is utilized to rank the applicants in order to determine

who are among the top three.

    7.    The score indicated on the certificate of eligibles for Mr. Nyunt was mistakenly

listed as 89 instead of 96. Mr. Nyunt's application package was corrected after he filed a

complaint with the Office of Personnel. His complaint requested that his score be checked to see

whether it had been incorrectly tabulated. However, this correction did not result in any change

to Mr. Nyunt's status on the certificate of eligibles as he had already been ranked among the top

three applicants. Because Mr. Nyunt was one of the three highest ranked applicants, he was

selected to be interviewed for the position. The fact that his score on the certificate of eligibles

was mistakenly recorded did not affect his ability to be fairly considered for the position.

    8.    Agency procedures do not require that standard instructions be given to interview

panelists. Moreover, Agency procedures did not require that standard instructions be given to

interview panelists at the time of the selection for VA M/P-03-26 in 2003.

    9.    Vacancy Announcement Number M/P-03-29 stated that the position would

"Open until filled." The position was posted on March 13, 2003. The announcement also s    d

that the "[f]irst cutoff will be March 27, 2003" and that there would be "[s]ubsequent cutoff

every two weeks until the position is filled."

10.    Mr. Nyunt submitted his application to the Agency on March 27, 2003. The

selectee, Mr. Lwin Htun Than, submitted his application to the Agency on March 31, 2003.

11.    There is nothing in either the Agency's Manual of Administration or the Co    of

Federal Regulations that prevented Mr. Nyunt's and Mr. Htun's applications from being

forwarded to the selecting official at the same time. Mr. Nyunt, by virtue of submitting his

application on March 27, 2003, was not, and would not have been afforded any priority in

consideration for the position over Mr. Than, who submitted his application on March 31, :    3.

12.    A certificate of eligibles did not have to be issued at the close of the two we

period. The issuance of a certificate is dependant upon the number of applications receive    d

is subject to the discretion of management.

13.    I was the management official who approved the selection of Mr. Than, a n

citizen, over the U.S. citizens who applied for the position under Vacancy Announcement    P-

03-29.

14.    As mandated by Agency rules, justification is required when a non-citizen    ired

for a position over a United States citizen. As outlined in the justification memorandum    d

August 13, 2003, Mr. Than was selected over several applicants who are United States cit    ns.

15.    Namely, Mr. Than was selected because he exhibited exemplary skills wit    gard

to the internet, web management, editorial skills, translation skills and management skills    s a

result, he was found to be better qualified than the other applicants and was selected for t

3

vacancy.

I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information and belief, executed this day in the District of Columbia.

_____
M. LaPrell Murphy

4/19/07
_____
Date

4