United States District Court
For the District of Columbia

| | |
|---|---|
| Kyaw Zaw Nyunt,<br>    Plaintiff,<br><br>v.<br><br>Kenneth Y. Tomlinson,<br>Chairman,<br>Broadcasting Board of Governors,<br>    Defendant. | CA No. 06 – 1152 (JDB) |

**Plaintiff's Response to Defendant's Statement of Material Facts not in Genuine Dispute and Response to Plaintiff's Statement of Material Facts**

Pursuant to Local Rules 7(h) and 56.1, Plaintiff submits the following responses to the Defendant's Statement of Material Facts not in Genuine Dispute and Response to Plaintiff's Statement of Material Facts ("Defendant's Statement and Response") submitted on April 20, 2007.

**Introduction**

By motion, dated April 6, 2007, Plaintiff moved for partial summary judgment for a determination that he was a "suitably qualified United States citizen" within the meaning of 22 U.S.C. section 1474(1) and available for the GS 12 position for which he applied in 2003. Accompanying that motion was a brief statement of material facts as to which there was no genuine issue demonstrating that Plaintiff was a US citizen when he filed a timely application for the position in question and was determined to be the best qualified US citizen applicant referred on the certificate to the selecting official. Defendant passed over Plaintiff in that selection in favor of an alien applicant based upon Defendant's finding that the alien was more qualified for the position.

1

This response addresses the affirmative statements made by Defendant in connection with Plaintiff's motion for partial summary judgment at pages 1 to 2 of Defendant's Statement and Response.

1 – 6. Admitted.

7 -9. Admitted except that the selectee in VA no. 03 -29 is usually referred to as Than Lwin Htun.

10. and 11.  Denied. Paragraphs numbers 10 and 11 of Defendant's statements are legal conclusions which Plaintiff denies. The grounds for those assertions, primarily whether Plaintiff will be able to make a *prima facie* case of discrimination, are set out in Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment response to which is premature at this stage of discovery. Plaintiff will seek extensions time to respond to these assertions within the 11 day time permitted by the rules for oppositions to motions or such time as the Court may allow. There is no dispute, however, that Plaintiff is an Asian American of Burmese descent over the age of 55; that he applied for two positions at BBG in 2003; that he was found to be eligible for those positions; that he was referred to the selecting official as eligible for selection for each vacancy; and that when BBG filled the positions, he was not selected. He satisfies the "not onerous" requirements of a *prima facie* case. See *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Nor is there any dispute that Plaintiff

initiated a timely complaint of discrimination at the agency. See, e.g., Exhibit A to Government Motion.

                    Respectfully submitted,

                    /s/

                    Timothy B. Shea
                    DC Bar No. 234005
                    Nemirow Hu & Shea
                    1629 K Street, NW  Suite 500
                    Washington, DC  20006
                    Tel. 202 835 0300
                    Fax 202 835 0306

                    Attorney for Plaintiff Kyaw Zaw Nyunt