United States District Court
For the District of Columbia

| | |
|---|---|
| Kyaw Zaw Nyunt, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    CA No. 06 – 1152 (JDB) |
| Kenneth Y. Tomlinson, | ) |
| Chairman, | ) |
| Broadcasting Board of Governors, | ) |
|     Defendant. | ) |

**Plaintiff's Motion for Extension of Time to Oppose Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment**

Pursuant to Rule 56(f), Fed. R. Civ. Proc., and Local Rule 7(b), Plaintiff respectfully moves for an extension of time to May 24, 2007 to oppose Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendant's Motion") dated April 20, 2007. In its motion, Defendant urges variously that Plaintiff failed to exhaust certain claims at the informal levels of the agency when he consulted with the Equal Employment Opportunity Counselor and that he cannot make the requisite showing for a *prima facie* case as to certain claims. The motion is accompanied by a collection of documents and an affidavit of an employee of the personnel office of the Defendant.

At this writing, Defendant has responded to Plaintiff's first request for production. Plaintiff has propounded a second request for production and requests for admissions to Defendant which remain unanswered. Plaintiff has noticed two depositions of current or former agency employees, which Plaintiff sought for late April, but which were deferred at the request of Defendant. Plaintiff intends to note other depositions

including the personnel officer who submitted the affidavit in support of Defendant's Motion. The parties have consulted about dates when depositions can be taken and counsel for Defendant was seeking other dates. Based on the exchanges to date, Plaintiff anticipates that these depositions will be able to be scheduled in the middle of May. See attached Declaration of Timothy B. Shea.

Rule 56(f), Fed. R. Civ. P., permits the court to grant a continuance to permit depositions or discovery to be had. Plaintiff has not sought any other extensions to respond to Defendant's Motion.

There is no dispute, however, that Plaintiff is an Asian American of Burmese descent over the age of 55; that he applied for two positions at BBG in 2003; that he was found to be eligible for those positions; that he was referred to the selecting official as eligible for selection for each vacancy; and that when BBG filled the positions, he was not selected. He satisfies the "not onerous" requirements of a *prima facie* case. See *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Nor is there any dispute that Plaintiff initiated a timely complaint of discrimination at the agency. See, e.g., Exhibit A to Defendant's Motion.

Defendant's Motion is largely devoted to its request for summary judgment. "Summary judgment ordinarily is proper only after the plaintiff has been given adequate time for discovery." *Americable Int'l, Inc. v. Dep't of Navy,* 129 F.3d 1271, 1274 (D.C. Cir. 1997) (internal quotations and citations omitted)*; Chappel-Johnson v. Powell,* 440 F. 3d. 48, 488 (D.C. Cir. 2006) (it is "especially inappropriate" to limit the method of proving an inference of discrimination while discovery is planned).

Plaintiff has consulted with counsel for Defendants pursuant to Local Rule 7 on Friday, April 27, 2007. Counsel for Defendant took the request under advisement and has not responded to the request as yet.

Accordingly, Plaintiff requests that the time for Plaintiff to oppose the Motion to Dismiss or, in the Alternative, for Summary Judgment should be extended to May 24, 2007. A declaration and proposed order is submitted herewith.

Respectfully submitted,

Timothy B. Shea
DC Bar No. 234005
Nemirow Hu & Shea
1629 K Street, NW  Suite 500
Washington, DC  20006
Tel. 202 835 0300
Fax 202 835 0306

Attorney for Plaintiff Kyaw Zaw Nyunt