United States District Court
For the District of Columbia

| | |
|---|---|
| Kyaw Zaw Nyunt,<br>    Plaintiff,<br><br>v.<br><br>Kenneth Y. Tomlinson,<br>Chairman,<br>Broadcasting Board of Governors,<br>    Defendant. | )<br>)<br>)<br>)<br>)    CA No. 06 – 1152 (JDB)<br>)<br>)<br>)<br>)<br>) |

**Plaintiff's Supplement to Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment**

Plaintiff hereby supplements his opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment pursuant to the order of this Court. Plaintiff is most appreciative for this opportunity afforded by the Court.

Plaintiff submits herewith corrected pages numbers 2 and 12 to be substituted in his Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.

**Discrimination and Retaliation in Pressuring Employees to Leave**

Plaintiff has complained that the Broadcasting Board of Governors ("BBG") discriminated and retaliated against him by maintaining a campaign to pressure him and other similarly situated employees to leave the service through undue scrutiny of their work and leave. See Plaintiff's Supplemental Statement of Material Facts as to Which There are Genuine Issues submitted herewith.

Briefly, Mr. Henderson gave Plaintiff an unwarranted written admonishment in June 2005. See Supplementary Affidavit of K Nyunt, Attached. Three other older [i.e., over 58 years of age] Asian Burmese employees were given unwarranted reprimands too between 2004 and 2006. In fact, June 2005 was the time when depositions of employees who attended the June 13, 2003 meeting [at which employees had been threatened if they were to complain] were being scheduled by counsel for another employee in connection with his complaint to the Equal Employment Opportunity Commission. Mr. Nyunt's deposition by counsel for the complainant in that case took place in early July 2005. The employee who filed that complaint about the threat was also given an unwarranted admonishment in 2004 and was later removed from the federal service. One of the other older Asian Burmese employees who was given an unwarranted reprimand in 2006 left the service within a month of the reprimand even though he had intended to work much longer. See Supplemental Affidavit of K Nyunt at para. 2, 3 attached.

Denial of leave was used as a means of discrimination and retaliation. Plaintiff became hypertensive and depressed owing to the workplace pressure. In April 2006, for example, he was out for some time with severe hypertension and depression. When he returned to work, on Monday, April 24, 2006, after working his full shift, he collapsed at work at about 8 o'clock in the morning with hypertension and was taken by ambulance to George Washington Hospital where he remained until late in the day of April 25, 2006. Plaintiff submitted to his supervisor a note from a doctor at the hospital for sick leave for the week. On Friday, April 28, 2006 he received an overnight letter from his supervisor dated April 27, 2006 stating that the note from the doctor at George Washington Hospital was insufficient because it "did not indicate why [he] needed to be absent from work."

Given the fact that it was well known that Plaintiff had been taken to the hospital in an ambulance directly from the BBG offices, this demand was entirely unreasonable. Use of Plaintiff's annual leave for the time that Plaintiff was in the hospital and the days immediately after his return home was refused by the supervisor, Mr. Htun, as "discretionary" so that supervisor might put Plaintiff on absent without leave as a way of pressuring him. Leave was granted to Plaintiff several weeks later after the intervention of agency EEO officials at Plaintiff's request. See Supplemental Affidavit of K Nyunt, at para. 4, attached.

### Conclusion

For the reason set out in Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and this supplemental memorandum, Defendant's motion to dismiss and for summary judgment must be denied. A Supplemental Statement of Material Facts as to Which There are Genuine Issues, together with the supplemental affidavit of Plaintiff Nyunt are submitted herewith.

> Respectfully submitted,
>
> Timothy B. Shea
> Nemirow, Hu & Shea
> 1629 K Street, NW #500
> Washington, DC  20006
> Tel. 202 835 0300
> Fax 202 835 0306

Dated: May 24, 2007