*[substitute page 2 of Plaintiff's Memorandum of Points and Authorities in Opposition]*

the agency actions were a pretext for discrimination. Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendant's Memorandum").

Along with this opposition, Plaintiff is submitting a Statement of Material Facts As to Which there are Genuine Issues ("PSF") and a collection of supporting documents and affidavits. The documents, which are sequentially numbered in the lower right corner, will be referenced here by page number (e.g., "Attachments at [page] ").

This action centers on the non-selection of Plaintiff Kyaw Zaw Nyunt for a GS-12 international radio broadcaster ("IRB") position in VA 03-26 and for a GS-12 international broadcaster ("IB") position in VA 03-29 in the Burmese service of BBG both of which were advertised in March, 2003 and subsequent episodes of discrimination and retaliation.

There is no dispute that Plaintiff is an Asian American of Burmese descent over the age of 58; that he applied for two positions at BBG in 2003; that he was found to be eligible for those positions; that he was referred to the selecting official as eligible for selection for each vacancy; and that when BBG filled the positions, he was not selected. He satisfies the "not onerous" requirements of a *prima facie* case. See *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Nor is there any dispute that Plaintiff initiated a timely complaint of discrimination at the agency. See, e.g., Exhibit A to Defendant's Motion.

As set out below, there is more than ample direct and indirect evidence of discrimination and pretext to warrant denial of Defendant's Motion.

Case 1:06-cv-01152-JDB    Document 22-4    Filed 05/24/2007    Page 2 of 4

*[substitute page 12 of Plaintiff's Memorandum of Points and Authorities in Opposition]*

Burmese service senior editor, also noted that Mr. Htun was known as a "rising talent" whom Mr. Robinson had targeted to recruit. The selecting official, Mr. Htay, had declared his intent to recruit younger broadcasters to get more "energetic voices" on the air. PSF at para. 41- 44. Mr. Htun was 38 years of age in March 2003.

Third, BBG simultaneously created, posted and filled the two very similar GS 12 broadcaster positions and tailored both vacancies with care *making it clear that in one vacancy only an outside applicant would qualify.* Mr. Henderson, the Division Director, and the personnel specialist corresponded about the "inside" position, which became VA 03 - 26, and "outside" position, which became VA 29. The process of tailoring of the VA and crediting plan was part of the preselection process for a young candidate, Mr. Htun, in VA 03 - 29. See PSF at para. 18 –22. The selection in the first vacancy was an attempt to inoculate or safeguard the second selection from criticism. It was well known that Mr. Htun had been recruited before and had been introduced to Mr. Henderson at the initiative of former Burmese service chief Dan Robinson in early 2003. The former Burmese service senior editor, Mr. Win, stated that "[t]he fact that there were two separate announcements for GS -12 openings is also puzzling to me. It clearly leads me to conclude that Mr. Htay or the Division determined ahead of time that there would be one job given to an applicant from inside the Service and the other from an outside candidate." Attachments at 157.

There never was another occasion in recent years when two GS 12 broadcaster positions were posted in this service. PSF at para. 80; Attachments at 49 *et seq.*

### 2. The Facts Fully Satisfy the Requirements for an Inference of Discrimination