UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KYAW ZAW NYUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1152 (JDB) |
| ) | |
| KENNETH Y. TOMLINSON, ) | |
| Chairman, Broadcasting Board ) | |
| of Governors, ) | |
| Defendant. ) | |
| _____) | |

## AMENDED ANSWER

Defendant Kenneth Y. Tomlinson, in his official capacity as Chairman, Broadcasting Board of Governors ("BBG" or the "Agency"), by his undersigned counsel, hereby files this Amended Answer to plaintiff's Complaint in this matter as follows:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

### Second Defense

The Court lacks jurisdiction over the subject matter of this action under Fed.R.Civ.P. 12(b)(1) because plaintiff failed to exhaust his administrative remedies.

### Third Defense

Defendant denies each and every allegation of the Complaint not expressly admitted in its Answer. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint

become known to it through the course of the litigation.

## UNNUMBERED PARAGRAPH OF COMPLAINT

The unnumbered introductory paragraph is merely a statement of parties and statement of plaintiff's claims which defendant denies. To the extent that plaintiff is raising claims under Title V of the Administrative Procedure Act or District of Columbia law, for the claims alleged defendant avers that Title VII is the exclusive remedy for federal employees.

## JURISDICTION AND VENUE

1. Paragraph 1 contains plaintiff's legal conclusions regarding jurisdiction and venue to which no response is required. Defendant avers that to the extent that plaintiff is raising claims under Title V of the Administrative Procedure Act or District of Columbia law, Title VII is the exclusive remedy for federal employees.

2. Paragraph 2 contains plaintiff's allegations of venue and jurisdiction to which no response is required.

## PARTIES

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies the first sentence of paragraph 4 as to defendant's address, which is 330 Independence Avenue, SW, Washington, DC. Defendant admits the second sentence of paragraph 4 to the extent that BBG employees are federal employees covered by various federal government pay systems. Defendant admits the third sentence of paragraph 4.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The Defendant admits the first through third sentences of paragraph 5. Defendant denies the fourth sentence of paragraph 5 and avers that a request for hearing was dated June

2004.  Defendant admits the fifth sentence of paragraph 5.

## FACTUAL SETTING

6. Defendant admits paragraph 6.

7.  Defendant admits the first sentence of paragraph 7 to the extent that the Voice of America is an element of the BBG and that plaintiff was employed by the East Asia and Pacific Division.  The second sentence of paragraph 7 is denied as to defendant's address, which is 330 Independence Avenue, SW, Washington, DC 20237.   Defendant admits the third sentence of the paragraph to the extent that the plaintiff, translates, adapts, edits and voices programs in the Burmese language.

8. Defendant admits paragraph 8 to the extent that plaintiff's application for vacancy announcement M/P 03-26 states that he has four years experience as a British Broadcasting Corporation  Broadcaster, five years experience as a Voice of America Broadcaster, and sixteen years as a diplomat.  Defendant admits the second sentence of paragraph 8 to the extent that plaintiff's applications for Vacancy Announcement Nos. M/P 03-26 and M/P 03-29 mentions this prior experience.  Defendant denies the third sentence of paragraph 8 , but defendant avers that plaintiff's applications for Vacancy Announcement Nos. M/P 03-26 and M/P 03-29 denote a Bachelor's degree in International Relations and Political Science.  Defendant admits the fourth sentence of paragraph 8 to the extent that plaintiff's applications for Vacancy Announcement Nos. M/P 03-26 and M/P 03-29 mentions this experience.

9. Defendant admits the first, second and third sentences of paragraph 9.  Plaintiff admits the fourth sentence to the extent that plaintiff's name appeared on the certificate of eligibles for both vacancies.  Defendant admits the fifth and sixth sentences of paragraph 9.

10. Defendant denies the first sentence of paragraph 10. Defendant admits the second sentence of paragraph 10. Defendant admits the third sentence of paragraph 10 to the extent that there were two GS-12 positions advertised at the same time, but denies plaintiff's characterization of the advertisement for two GS-12 positions was "unprecedented."

11. Defendant denies paragraph 11, but avers that while Mr. Henderson had a role in providing input for the vacancy announcements, defendant cannot state whether he "devoted substantial time" or had a role in drafting the crediting plans. Defendant denies that Mr. Henderson is the "Chief of the Asian Division" as he is the "Division Director of the East Asia and Pacific Division."

12. Defendant denies paragraph 12, but avers that, although both positions were advertised to all qualified, the original intent was that one position initially was targeted as an internal promotion opportunity, while the other position was to be open to outside applicants.

13. Defendant denies the first sentence of paragraph 13 to the extent that the term "substantial differences" is not defined. Defendant admits the second sentence of paragraph 13.

14. Defendant denies the first sentence of paragraph 14. Defendant admits the second sentence of the paragraph to the extent that Dan Robinson, former Chief of the Burmese Service, suggested that Mr. Htun pay a courtesy call on Mr. Henderson while he was visiting the Burmese Service in 2003.

15. Defendant denies paragraph 15.

16. Defendant denies paragraph 16.

17. Defendant admits paragraph 17.

18. Defendant denies the first sentence of Paragraph 18, but avers that although a

subsequent review of the file did reveal that plaintiff's rating was incorrect, it would not have altered the agency's ultimate decision. Defendant admits the second sentence of the paragraph. Defendant admits the third sentence of the paragraph to the extent that, months after the selection was made, the certificate was amended to show that plaintiff's score was 96, and avers that the Agency was under no obligation to give notice to plaintiff.

19. Defendant denies paragraph 19 as stated and avers that Agency procedures do not require that standard instructions be given. Defendant further avers that the panel referred to was convened as an interview panel.

20. Defendant denies paragraph 20.

21. Defendant denies paragraph 21.

22. Defendant admits the first and second sentences of paragraph 22.

23. Defendant denies the first sentence of paragraph 23. Defendant denies the second sentence of paragraph 23.

24. Defendant admits paragraph 24.

25. Defendant admits paragraph 25.

26. Defendant denies paragraph 26.

27. Defendant denies paragraph 27.

28. Defendant denies paragraph 28.

29. Defendant denies paragraph 29.

30. Defendant denies paragraph 30.

31. Defendant denies paragraph 31.

32. Defendant admits that plaintiff was asked for a doctor's note, but defendant denies

that this request was in contravention of Agency policy.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that he lost consciousness on May 1, 2006, but avers that plaintiff was taken to the hospital from the workplace on or about May 1, 2006. Defendant admits the second sentence of paragraph 33. Defendant denies the third sentence of paragraph 33 as to the quantity of letters, but avers that it did send a letter to plaintiff dated May 11, 2006, and refers the Court to that letter for a complete and accurate statement of its contents.

34. Defendant denies paragraph 34.

35. Paragraph 35 is a characterization of plaintiff's claims as to which no response is necessary. To the extent that a response is required, this paragraph is denied.

36. Paragraph 36 is a characterization of plaintiff's damages as to which no response is necessary. To the extent that a response is required, this paragraph is denied.

## STATEMENT OF CLAIMS

### Count One (Age Discrimination)

37. Defendant incorporates by reference the responses of paragraphs 1-36 of the Answer as if they were set forth in full.

38. Defendant admits paragraph 38.

39. Paragraph 39 is a characterization of plaintiff's claims to which no response is necessary. To the extent that a response is required, this paragraph is denied.

40. Paragraph 40 is denied.

### Count Two (Violation of Title VII)

41. Defendant repeats and incorporates by reference the responses of paragraphs 1-36 of

the Answer as if they were set forth herein in full.

    42. Defendant admits paragraph 42, but avers that plaintiff has not exhausted his administrative remedies on any claim based upon race.

    43. Paragraph 43 is a characterization of plaintiff's claims to which no response is necessary. To the extent that a response is required, this paragraph is denied.

    44. Defendant denies paragraph 44.

### Count Three (Violation of 42 U.S.C. Section 1981 et seq.)

    45. Defendant incorporates by reference the responses of paragraphs 1-36 of the Answer as if they were set forth herein in full.

    46. Defendant denies paragraph 46 as Title VII is the exclusive remedy for claims of discrimination in federal employment, but avers that plaintiff has not exhausted his administrative remedies on any claim based upon race.

    47. Defendant denies paragraph 47 as Title VII is the exclusive remedy for claims of discrimination in federal employment.

    48. Defendant denies paragraph 48 as Title VII is the exclusive remedy for claims of discrimination in federal employment.

### Count Four (Retaliation)

    49. Defendant incorporates by reference the responses of paragraphs 1-36 of the Answer as if they were set forth herein in full.

    50. Paragraph 50 is a characterization of plaintiff's claims to which no response is required. To the extent that a response is required, this paragraph is denied.

    51. Paragraph 51 is denied. Defendant avers that plaintiff has failed to exhaust his

administrative remedies for this count and that District of Columbia law does not apply.

### Count Five (Unauthorized Hiring of Non-Citizen over Plaintiff)

52. Defendant incorporates by reference the responses of paragraphs 1-36 of the Answer as if they were set forth herein in full.

53. Paragraph 53 is denied.

54. Paragraph 54 is a characterization of plaintiff's claims to which no response is required. To the extent that a response is required, this paragraph is denied.

55. Paragraph 55 is denied.

### Count Six (Unauthorized Supervision)

56. Defendant incorporates by reference the responses of paragraphs 1-36 of the Answer as if they were set forth herein in full.

57. Defendant denies paragraph 57 to the extent that the BBG may employ a non-citizen when an equally or better qualified United States citizen is not available.

58. Defendant admits paragraph 58 to the extent that Mr. Htun, who is now a GS-13 Service Chief, has performed these duties since May 2005.

59. Paragraph 59 contains plaintiff's legal conclusions as to which no response is required. To the extent that a response is required, this paragraph is denied.

### Prayer for Relief

The unnumbered paragraph, including subparagraphs (A) through (G), following paragraph 59, contains plaintiff's prayer for relief to which no response is required. To the extent a response is required, defendant denies that plaintiff is entitled to the relief requested or to any

relief whatsoever.  In particular, defendant denies that plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a and punitive damages may not be recovered.  Except to the extent expressly admitted or qualified above, defendant hereby specifically denies each and every allegation in the Complaint.

     Defendant, having fully answered, respectfully requests that this action be dismissed with prejudice and the Court grant such other and further relief as may be deemed appropriate, including payment of defendant's attorney fees and costs.

     Dated:  May 25, 2007

                               Respectfully submitted,

                               /s/
                               JEFFREY A. TAYLOR, D.C. BAR #498610
                               United States Attorney

                               /s/
                               RUDOLPH CONTRERAS, D.C. BAR #434122
                               Assistant United States Attorney

                               /s/
                               MARIAN L. BORUM, D.C. BAR #435409
                               Assistant United States Attorney
                               Civil Division
                               555 Fourth Street, N.W.
                               Washington, D.C.   20530
                               202-514-6531

Of Counsel:
Stephen A. Reynolds
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, SW, Room 3349
Washington, DC 20237

## CERTIFICATE OF SERVICE

I certify that, on this 25th day of May, 2007, a copy of the foregoing was served, by first-class mail, postage prepaid, to:

Timothy B. Shea
Nemirow Hu & Shea
1629 K Street, N.W., Suite 500
Washington, D.C.  20006

/s/
MARIAN L. BORUM
Assistant United States Attorney