UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KYAW ZAW NYUNT, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>KENNETH Y. TOMLINSON, )<br>Chairman, Broadcasting Board )<br>    of Governors, )<br>      Defendant. )<br>_____) | Civil Action No. 06-1152 (JDB) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SURREPLY**

    Defendant, Kenneth Y. Tomlinson, Chairman, Broadcasting Board of Governors ("BBG" or the "Agency"), by and through counsel, respectfully files this Opposition to Plaintiff's Sur-Reply.

    Plaintiff appears to claim that his August 1, 2003 letter to the Director of Voice of America was sufficient notice to the agency for plaintiff's retaliation claim to survive a motion to dismiss for failure to exhaust administrative remedies. See Plaintiff's Surreply ("Surreply") at p. 2. However, a claim of retaliation was not in the Informal or Formal Complaints of Discrimination that plaintiff filed with the Equal Employment Opportunity ("EEO") Counselor on July 11 and November 5, 2003. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendant's Motion"), Exhibits A, Q.

    In the Informal and Formal Complaints, plaintiff specifically indicated that he had been discriminated against on the basis of "Age" and "National Origin (Burmese)." Id. In addition, there were areas designated on the Informal and Formal Complaint forms in which plaintiff could have indicated that he was retaliated against, but plaintiff failed to do so. Id. Moreover, plaintiff

did not object when he was informed that the claims accepted for processing by the Office of Civil Rights were discrimination based upon age and national origin.  See id., Exhibits O, P.  Therefore, plaintiff's claim of retaliation was never presented to the Agency at the administrative level, and the Agency was not given the opportunity to handle this claim internally.  See Brown v. Marsh, 777 F.2d 8, 14 (D.C. Cir. 1985).  Plaintiff cannot now raise this claim before the District Court.  See Park v. Howard, 71 F.3d 904, 906 (D.C. Cir. 1995).  As exhaustion of administrative remedies is mandatory, plaintiff's retaliation claim must be dismissed.  See Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992).

Plaintiff argues that a statement to employees, by Mr. Htay, indicating that they should not complain about the selections for Vacancy Announcement Nos. 03-26 and 03-29 amounted to "direct evidence of retaliation."  Surreply at p. 3.  However, Title VII "prohibit[s] employers from retaliating against employees for *having engaged in* activity protected by Title VII."  Rochon v. Gonzales, 438 F.3d 1211, 1217 (D.C. Cir. 2006)(emphasis added).  Therefore, to establish the necessary causal connection for a retaliation claim, the employer must have known about the employee's protected activity and the employer's actions must have taken place "shortly *after* that activity."  Id.  Plaintiff claims that the statement was made on June 13, 2003.  See Surreply at p. 3.  However, plaintiff's first contact with the Equal Employment Opportunity Counselor took place nearly a month later, on July 11, 2003.  See Defendant's Motion, Exhibit A, p. 4.  Therefore, the statement could not have been made in retaliation for plaintiff's "*having engaged in* protected activity," Rochon, 438 F.3d at 1217 (emphasis added), and plaintiff's

retaliation claim must fail.[1]

Plaintiff contends that the written admonishment he received on June 20, 2005 was retaliatory because he "was scheduled to testify at a deposition in early July 2005 in an EEOC case brought by another employee . . . ." Surreply at p. 3. Again, plaintiff cannot establish the necessary causal connection. The written admonishment was issued a month *before* plaintiff's activity not shortly *after* that activity, and it could not have "dissuade[d] a reasonable employee from making or supporting a charge of discrimination . . . ." Rochon, 438 F.3d at 1220. Assuming arguendo that the issuance of the written admonishment could possibly constitute retaliation, plaintiff's claim regarding the written admonishment must fail for two additional reasons. First, plaintiff failed to raise this claim at the administrative level. Second, based upon plaintiff's actions, the Agency had legitimate business reasons for issuing the written admonishment. See Defendant's Reply ("Reply") at pp. 9-10, n.7.

Finally, plaintiff claims that because his application for Vacancy Announcement ("VA") No. 03-29 was received within the first cutoff, it should have been given priority over Mr. Than's application. See Surreply at p. 4. Plaintiff states that Ms. Fitzpatrick, a staffing specialist, "specifically adopted" her deposition testimony from the administrative hearing in which she indicated that "the language in the vacancy announcement meant a priority for earlier application tranches." See id. Plaintiff's argument that Ms. Fitzpatrick "specifically adopted her prior deposition testimony[,]" id., is misleading.

During Ms. Fitzpatrick's May 11, 2007 deposition, she specifically stated that she "may

---

[1] Plaintiff's retaliation claim also must fail because he did not raise it at the administrative level. See Bayer, 956 F.2d at 332.

3

want to clarify things" from her earlier testimony. Defendant's Reply, Exhibit 2, p. 5. Indeed, Ms. Fitzpatrick clarified her earlier testimony by indicating that agency personnel can hold off on sending applications forward until after a cut-off date has passed.[2] See id. at 30. Moreover, according to M. Laprell Murphy, the Agency's Director of Human Resources and Ms. Fitzpatrick's supervisor, the practice of waiting to issue and forward a certificate of eligibles to a selecting official is not prohibited by law or regulation. See Defendant's Motion, Exhibit U at ¶ 11. Furthermore, this practice of "holding off" on forwarding applications to managers is not limited to the vacancy at issue here. It is, in fact, a typical business practice of the agency's personnel office. See Supplemental Declaration of Myra Laprell Murphy ("Supp. Murphy Dec."), attached hereto as Exhibit A.

For example, VA No. 03-34, GS-2210-13, contained a first cut off date of April 4, 2003. See id. at ¶ 5. The certificate of eligibles, however, was issued on May 9, 2003 and several applicants whose applications were received after the initial cut off date were still referred to the selecting official. See id. In fact, the application of one of the selectees was received approximately three weeks after the first cut off. See id.

This practice continued in 2004. For instance, VA No. 04-04, GS-1810-9/11/12, contained a first cut off date of January 30, 2004. See id. at ¶ 6. Applications received after this date were still considered for the vacancy, although none were determined to be adequately qualified to warrant inclusion on the certificate of eligibles. See id.

---

[2] In plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Statement of Material Facts ("Pltf's Opp., SMF"), Docket Entry No. 20, plaintiff indicated that the first certificate contained only him and one other candidate. See Pltf's Opp., SMF at ¶ 51.

More recently VA No. 06-178, GS-1001-12, contained a first cut off date of December 6, 2006, yet an initial certificate of eligibles was not issued until January 16, 2007 and all applications received up until that point were considered together.  See id. at ¶ 7.  Further, while VA No. 06-163A had a first cut off date of November 27, 2006, an initial certificate was not issued until January 10, 2007 and, again, all applications received up until the issuance of that certificate were reviewed at the same time.  See id. at ¶ 8.  This is a typical business practice that is not unique to the defendant's case or the Agency's personnel office.  See id. at ¶ 9.

Plaintiff, nevertheless, implies that there was "a departure from the stated intention of the . . . vacancy announcement . . . ."  Surreply at p. 5.  Plaintiff is incorrect.  The vacancy announcement indicated that "[f]or consideration application must be received in the IBB Office of Personnel by close of business, on 3/27/03 and every two weeks thereafter until the position is filled."  See Defendant's Motion, Exhibit D.  Nowhere in the application did it indicate that priority would be granted to applications received by March 27, 2003.  Therefore, there was no requirement that plaintiff's application be forwarded prior to, and reviewed independently of, the application of Mr. Than.[3]

## CONCLUSION

For these reasons and those stated in Defendant's Motion and Reply, Defendant respectfully requests that its motion be granted.

---

[3] Assuming arguendo that plaintiff's claim regarding his application could support a prima facie case of discrimination or retaliation, the Agency, nevertheless, had legitimate, non-discriminatory reasons for not selecting plaintiff for Vacancy Announcement No. 03-29 because he was not the best candidate for the position.  Defendant's Motion at pp. 31-35.  In addition, plaintiff cannot show that defendant's reasons for not selecting him were pretextual.  See id. at 35-37, 39-41.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney

        /s/
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        /s/
        MARIAN L. BORUM, D.C. Bar #435409
        Assistant United States Attorney
        555 Fourth Street, N.W.- Civil Division
        Washington, D.C.  20530
        (202) 514-6531
        Counsel for Defendant

Of Counsel:
Stephen A. Reynolds
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, SW, Room 3349
Washington, D.C.  20237

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 19[h] day of June, 2007, a copy of the foregoing was sent by First-Class Mail, postage prepaid, to:

Timothy B. Shea
Nemirow Hu & Shea
1629 K Street, N.W., Suite 500
Washington, D.C.  20006


/s/
MARIAN L. BORUM
ASSISTANT UNITED STATES ATTORNEY