UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KYAW ZAW NYUNT,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES K. GLASSMAN,<br>Chairman,<br>Broadcasting Board of Governors,<br><br>    Defendant. | Civil Action No. 06-1152 (JDB) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF FILING**

**Introduction**

Plaintiff asks the Court to rely on the Merit Systems Protection Board's ("MSPB's") Initial Decision in Moe Moe Htun v. Broadcasting Board of Governors, DC-1221-07-0466-W-2, decided on January 7, 2008, in this case. However, for the following reasons, such reliance would be improper.

The Federal Rules of Evidence call for the admission of only "relevant evidence." See Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401; United States v. Carter, 522 F.2d 666, 685 (D.C. Cir. 1975). Equally important, the Federal Rules also provide for the exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403;

<u>United States v. Chapin</u>, 515 F.2d 1274, 1284 (D.C. Cir.), <u>cert.</u> <u>denied</u>, 423 U.S. 1015 (1975); <u>see</u> <u>also,</u> Wright & Graham, Federal Practice and Procedure: Evidence § 5200.  Confusion of issues generally occurs when the proffered evidence has a tendency to lead to litigation of collateral issues.  See <u>e.g.,</u> <u>Caldera v. Eastern Airlines</u>, 705 F.2d 778 (5th Cir. 1983).

**Argument**

Moe Moe Htun v. Broadcasting Board of Governors, DC-1221-07-0466-W-2, is an individual right of action appeal under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). Moe Moe Htun was found to be a whistleblower based on her disclosure that the Agency retaliated against her when she disclosed that Than Lwin Htun, a non-citizen, was selected to be a supervisor allegedly in violation of 22 U.S.C. § 1474.

In an action under the Whistleblower Protection Act, the whistleblower must establish by preponderant evidence that she disclosed what she *reasonably believed* evidenced a violation of a law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or substantial and specific danger to public health or safety.  5 U.S.C. § 2302(b)(8).  The whistleblower need not prove that the situation actually existed, only that a reasonable person in her position would believe that it did.  <u>Schaeffer v. Dep't of the Navy</u>, 86 M.S.P.R. 606, 612 (2000) (citing <u>Horton v. Dep't of the Navy</u>, 66 F.3d 279, 282 (Fed. Cir. 1995), cert. denied, 516 U.S. 1176 (1996).

In finding that the whistleblower in <u>Moe Moe Htun</u> had *reasonably believed* that the selection of Than Lwin Htun as a supervisor was a violation of the statute, the Administrative Judge determined that "a reasonable reading of the statute limits the hiring of 'aliens' more significantly than the Agency does."  <u>Moe Moe Htun</u>, DC-1221-07-0466-W-2 at 17.  The

Administrative Judge also stated that the term "suitably qualified" in 22 U.S.C. § 1474 could be interpreted as "minimally qualified" through a reasonable reading of the statute. However, the interpretation of a statute is a legal process which requires analysis under the two-part test established by the Supreme Court in Chevron U.S.A., Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837 (1984).

Under Chevron, the court must first consider whether Congress has directly spoken to the precise question at issue. If it has "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." NRA v. Reno, 216 F.3d 122, 127 (D.C. Cir 2000). If the Court determines that Congressional intent is ambiguous, the Court must move to the second step of the Chevron analysis. Id. Under this step, the Court will defer to the agency's interpretation of the statute so long as it is based on a permissible reading of the statute. Grand Canyon Air Tour Coal. v. F.A.A.,154 F.3d 455, 466 (D.C. Cir. 1998). To satisfy this prong of the Chevron test, the agency need only establish that its construction is reasonable and consistent with the statute's purpose and legislative history.[1] GTE Serv. Corp. v. FCC, 205 F.3d 416, 421 (D.C. Cir. 2000).

In the whistleblower action, the Administrative Judge did not follow the required procedure established by Chevron when he stated that "suitably qualified" could be interpreted as "minimally qualified." In that action, the Administrative Judge was tasked with accessing the "reasonableness" of the appellant's belief under the Whistleblower Protection Act. Significantly, Appellant's claims under the whistleblower statute did not have to be true for her to be

---

[1] In its Manual of Administration, Defendant has interpreted "suitably qualified" to mean "equally or better qualified." See Broadcasting Board of Governor's Manual of Administration, Section 822.1.

successful.  See Horton, 66 F.3d at 282.  Therefore, the decision in Moe Moe Htun should not be relied upon in the matter at hand because the Administrative Judge's decision regarding whether Moe Moe Htun *disclosed* what she *reasonably believed* was a violation of the statute is irrelevant to Plaintiff Nyunt's claim under the APA which must be evaluated using the Chevron standard.  See Fed. R. Evid. 401.  In addition, the use of different standards in the proceedings would lead to the confusion of the issues, and its probative value is substantially outweighed by the danger of unfair prejudice.  See Fed. R. Evid. 403.

Moreover, Defendant intends to file a Petition for Review in the Moe Moe Htun matter.  An Initial Decision is not final until the MSPB rules on the Agency's Petition for Review.[2]  Thus, even if the Court determines the MSPB decision is relevant, it is premature to file it before it has been finalized.

Wherefore, the Defendant contends that reliance upon the MSPB's Initial Decision in Moe Moe Htun v. Broadcasting Board of Governors would be improper.

---

[2] The Agency's Petition for Review is currently due on March 10, 2008.  The Appellant's response is due no later than April 4, 2008.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Washington, D.C.  20530
202-514-6531

Of Counsel:
April Bennett Cabral
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, S.W.
Washington, DC 20237

**CERTIFICATE OF SERVICE**

      I certify that, on this 20th day of February, 2008, a copy of the foregoing was served, by first-class mail, postage prepaid, to:

Timothy B. Shea
Nemirow Hu & Shea
1629 K Street, N.W., Suite 500
Washington, D.C.  20006

      /s/
MARIAN L. BORUM
Assistant United States Attorney